1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   BANK OF AMERICA, N.A.,                    )
9            Appellant,                        )
10       v.                                    )          2:11-cv-1338-RCJ-PAL
                                               )
11                                             )          **ORDER**
     AUGUST B. LANDIS, UNITED STATES          )
12   TRUSTEE, REGION 17,                       )
                                               )
13           Appellee.                         )

14   _____

15        Currently before the Court are a Motion to Suspend Briefing Schedule Pending
16   Determination of Appellant's Motion for Leave to Appeal (#7), a Motion to Stay Pending
17   Appeal (#8), a Motion to Shorten Time Regarding Dispositive Matter (#9), and a Motion for
18   Certification of Direct Appeal (#11).  The Court heard oral argument on October 17, 2011.

19                                   **BACKGROUND**

20        On February 2, 2011, Alejandro Molinar ("Debtor") filed a Chapter 13 petition, 2:11-bk-
21   11523, in the United States Bankruptcy Court of the District of Nevada.  (Voluntary Petition
22   (BK #1)).[1]  On March 7, 2011, Bank of America, N.A. ("BANA") filed a proof of claim in the
23   bankruptcy proceeding.  (*See* Mot. to Stay Pending Appeal (#8) at 2).  The proof of claim
24   stated the amount of the secured claim and included a declaration pursuant to Rule 3001(c).
25   (*See id.*).  On March 18, 2011, the United States Trustee ("UST") filed an Ex Parte Motion for
26   an Order Authorizing Examination of Bank of America, N.A. (the "2004 motion").  (Mot. for
27   Examination (BK #16) at 1).  The 2004 motion sought to seek discovery pertaining to "the
28

[1] Documents in the bankruptcy court are referenced as "BK #__."

circumstances of the loss or destruction" of the original writing as described in the declaration attached to the proof of claim. (*Id.* at 5). BANA amended its proof of claim on March 30, 2011. (*See* Mot. to Stay Pending Appeal (#8) at 2).

On May 19, 2011, the UST filed a second Ex Parte Motion for an Order Authorizing Examination of Bank of America, N.A. under Rule 2004. (Second Mot. for Examination (BK #41)). The bankruptcy court granted the motion *ex parte* on May 20, 2011. (Order (BK #42)). On May 23, 2011, the UST issued a subpoena for a Rule 2004 examination of BANA. (Subpoena (BK #44)). The subpoena commanded production of seven categories of documents and requested testimony on eight topics of examination. (*Id.* at 2-3). The subpoena sought, *inter alia*, information on BANA's "policies, practices, and procedures related to collection on the Debtor's accounts in the above-captioned case." (*Id.* at 3).

On June 6, 2011, BANA filed a Motion to Reconsider and Motion to Quash Subpoena. (Mot. to Quash (BK #48) at 1). BANA argued that the UST lacked standing to seek a Rule 2004 examination because it was not a "party in interest." (*Id.* at 2-7). BANA argued that the subpoena was procedurally improper because the UST failed to establish "good cause" for the Rule 2004 examination. (*Id.* at 7). BANA argued that the subpoena and 2004 examination usurped the role of the Chapter 13 trustee and would impede the efficient administration of the bankruptcy case. (*Id.* at 11). BANA made specific objections to the requested categories of documents and requested testimony. (*Id.* at 12-19). On July 12, 2011, the bankruptcy court held a hearing on the motion. (*See* Transcript Docket Entry (BK #60)). On August 2, 2011, the bankruptcy court entered an order denying BANA's motion to reconsider and motion to quash subpoena. (Order (BK #63)). The bankruptcy court found that the UST was a party in interest for purposes of Rule 2004 and for purposes of otherwise discovering, correcting, prosecuting, and administering the statutes of the bankruptcy code. (*Id.* at 2). The bankruptcy court also found that the UST had good cause to support the document requests and to support the scope of its examination given its role as a watchdog of the bankruptcy system. (*Id.*).

On August 16, 2011, BANA filed a motion to stay pending appeal with the bankruptcy

court.  (Mot. to Stay (BK #67) at 1).  On September 28, 2011, the bankruptcy court denied the motion to stay pending appeal.  (Order (BK #96) at 1).  The bankruptcy court found that the order denying the motion to reconsider and motion to quash subpoena was an interlocutory discovery order that could not be immediately appealed and that BANA was unlikely to succeed on the merits of its appeal because the UST had standing and authority to conduct Rule 2004 examinations.  (*Id.* at 2).  However, the bankruptcy court granted a 14-day stay from the date of the hearing, September 20, 2011, in order to seek a stay from this Court.  (*Id.*).

## DISCUSSION

For the reasons discussed on the record, the Court finds that the order denying the motion to quash the Rule 2004 subpoena is an appealable interlocutory order and grants BANA's Motion to Stay Pending Appeal (#8).  Additionally, the Court denies as moot the Motion to Suspend Briefing Schedule Pending Determination of Appellant's Motion for Leave to Appeal (#7), the Motion to Shorten Time Regarding Dispositive Matter (#9), and the Motion for Certification of Direct Appeal (#11).

The Court will hear oral argument on this bankruptcy appeal (#12) on Friday, December 2, 2011 at 11:00 a.m. in Las Vegas.

///
///
///
///
///
///
///
///
///
///
///
///

3

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Suspend Briefing Schedule Pending Determination of Appellant's Motion for Leave to Appeal (#7) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Stay Pending Appeal (#8) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Shorten Time Regarding Dispositive Matter (#9) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Certification of Direct Appeal (#11) is DENIED as moot.

IT IS FURTHER ORDERED that oral argument for the bankruptcy appeal (#12) is scheduled for Friday, December 2, 2011 at 11:00 a.m. in Las Vegas.

DATED: This _27th_ day of October, 2011.

_____
United States District Judge